**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERT CANDELARIA,GILBERT
CADENA, RUDY ROMERO, GARY
MONNIN, PAUL CALDERON, and
ADOLFO VIGIL,

          Plaintiffs,

       vs.                                No. Civ. 00-1812 JP/WWD-ACE

NEW MEXICO EDUCATIONAL
RETIREMENT BOARD and
ALBUQUERQUE PUBLIC SCHOOLS,

          Defendants.

## MEMORANDUM OPINION AND ORDER

The motions addressed in this Memorandum Opinion and Order are Plaintiffs' Motion to Remand to State Court and Supporting Brief, filed January 16, 2001 [Doc. No. 7]; Defendant Albuquerque Public Schools' Motion to Dismiss, filed February 2, 2001 [Doc. No. 10]; Defendant New Mexico Educational Retirement Board's Motion to Remand for Lack of Subject Matter Jurisdiction, filed March 8, 2001 [Doc. No. 27]; and Plaintiffs' Motion to Amend Complaint, filed March 15, 2001 [Doc. No. 29].  The Court, having considered the motions, memoranda, and pleadings or other papers submitted by the parties, and the applicable law, concludes that Plaintiffs' remand motion should be granted and that the action was improvidently removed to this Court and therefore should be remanded to state court in accordance with 28 U.S.C. § 1447(c). The Court's conclusion renders the remaining motions moot.

## I.      BACKGROUND

On November 31, 2000, Plaintiffs filed a five-count complaint in the Second Judicial District, County of Bernalillo, State of New Mexico.  Counts II through V of the complaint clearly

were brought under state law.  While Count I appears to be brought under federal law, the Age

Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 (ADEA), Plaintiffs, contend it

is a state law claim.  They argue that "[a]lthough [they] are asking the state court to interpret the

ADEA and declare that the Defendants' actions are unlawful in this case, it is not within the ambit

of the ADEA but under New Mexico statutory or common law."  Pls.' Reply to Pls.' Mot. to

Remand at 2; see Compl. at 8 (relief sought includes "entry of declaratory judgment pursuant to

N.M. Stat. Ann. § 44-6-1 et seq. [,] especially N.M. Stat. Ann. § 44-6-13, that the [state

Educational Retirement Act] violates the ADEA and that Plaintiffs are entitled to benefits").

On December 27, 2000, Defendant New Mexico Educational Retirement Board (ERB)

filed a Notice of Removal, relying upon federal question jurisdiction as the basis for removal and

contending that Count I of Plaintiffs' complaint explicitly alleges a claim under the ADEA.

Defendant Albuquerque Public Schools (APS) filed a notice of consent to removal on December

28, 2000.  On January 16, 2001, Plaintiffs filed a motion to remand, arguing that the Court has no

subject matter jurisdiction over the action because their complaint asserts only state law claims.  In

the alternative, Plaintiffs contend that in Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91 (2000),

the Supreme Court held that states and state entities cannot be sued by private individuals in

federal court under the ADEA.  Consequently, they argue, the Court has no jurisdiction over the

sole alleged federal law claim, and the action must be remanded.  Defendant ERB filed a response

opposing Plaintiffs' remand motion.  Both Defendants argued, inter alia, that under Wisconsin

Dep't of Corr. v. Schacht, 524 U.S. 381 (1998), the Court has removal jurisdiction over the action.

Defendant APS also argued in its response that it could be sued under the ADEA because, unlike

Defendant ERB, it was not a state actor.  On March 8, 2001, Defendant ERB withdrew its

opposition to Plaintiffs' motion to remand and filed its own separate motion to remand, to which no responses or a reply have been filed.  In its remand motion, Defendant ERB stated that Defendant APS did not oppose the remand.

On  February 2, 2001, Defendant APS  filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, to which only an apparently untimely response was filed.  On March 15, 2001, Plaintiffs filed a motion to amend their complaint, to which no responses or a reply have been filed.

## II.    DISCUSSION

This federal court may lack subject matter jurisdiction over the action for at least one of the Defendants, if not both.  If Count I is a state law claim, as Plaintiffs argue, then there is no federal court subject matter jurisdiction over the action under 28 U.S.C. § 1331 (federal question jurisdiction) because the complaint brings no federal law claims.  There is also no federal court jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction), assuming the amount in controversy requirement is met, because there is no diversity of citizenship.

If Count I is an ADEA claim, as it appears to be, this court may not have subject matter or removal jurisdiction over such a claim as to Defendant ERB, a state entity.[1]  The Supreme Court has determined that "the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment.  The ADEA's purported abrogation of the States' sovereign immunity [to suits by private individuals] is accordingly invalid." Kimel, 528 U.S. at 91; see Migneault v. Peck,

---

[1] Although neither Plaintiffs nor Defendant ERB noted this in their motions to remand, Kimel would not bar this court's jurisdiction over Defendant APS.  As Defendant APS noted in its response to Plaintiffs' remand motion, it is not a state entity, and thus may be sued under the ADEA.  However, if this court has no jurisdiction as to Defendant ERB, judicial economy would necessitate that the entire case be remanded.

3

204 F.3d 1003, 1004 (10th Cir. 2000).  However, under what I will term "the Schacht doctrine," that a federal claim may be barred by a state's sovereign immunity generally does not affect the propriety of removal.  Schacht, 524 U.S. at 386 ("[T]he presence in an otherwise removable case of a claim that the Eleventh Amendment may bar does not destroy the removal jurisdiction that would otherwise exist."); see id. at 389 ("The Eleventh Amendment . . . does not automatically destroy original jurisdiction.  Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so.  The State can waive the defense.").

It is an open question whether the Schacht doctrine applies to removed actions where the underlying federal law has been found to be an unconstitutional abrogation of the states' Eleventh Amendment immunity.  On one hand, the Supreme Court concluded in Kimel that the ADEA was unconstitutionally enacted as to states.  Kimel, therefore, could be construed as holding that states cannot waive their sovereign immunity and consent to being sued under the ADEA even if they wanted to do so because the ADEA no longer applies to them.  On the other hand, at least one Circuit court (in a non-removal case), has concluded that "[n]othing in Kimel suggests that the [Supreme] Court intended to remove the statutory jurisdictional basis for age discrimination suits against a state or its agencies.  It held that on account of Eleventh Amendment immunity the states can not [sic] be compelled to submit to the jurisdiction of the federal courts in such suits."  Katz v. Regents of the Univ. of Ca., 229 F.3d 831, 834 (9th Cir. 2000), cert. denied, __ S.Ct. __, 69 U.S.L.W. 3630 (U.S. May 14, 2001) (No. 00-1429).  The Ninth Circuit further concluded that a state "may therefore waive its Eleventh Amendment immunity on a case-by-case basis,  . . . and subject itself to suit under the ADEA."  Id.; cf. Munoz v. California Dep't of Corr., No. 99-15964, __ F.3d. __, 2001 WL 80405 at *1 (9th Cir. Jan. 29, 2001) (unpublished disposition) (state's

<u>Kimel</u> argument too late and too "elliptical" and thus state waived its Eleventh Amendment immunity and the court reached the merits of ADEA claim); <u>Elder v. Illinois Dep't of Human Servs.</u>, No. 99-3852215 F.3d 1329, 2000 WL 689179 at *1 n.1 (7th Cir. May 22, 2000) (unpublished disposition) ("Because the Supreme Court has left open the question of whether the Eleventh Amendment immunity is a matter of subject matter jurisdiction, <u>see</u> [<u>Schacht</u>, 524 U.S. at 391], we need not reach" the issue of whether the district court lacked subject matter jurisdiction over the plaintiff's ADEA claims after <u>Kimel</u>.).

It is not necessary to address the issues of whether Count I of the complaint asserts a state law or a federal law claim or whether the <u>Schacht</u> doctrine is foreclosed in cases governed by <u>Kimel</u>, because none of the defendants remain opposed to the remand of this case, including Defendant ERB, which removed the action.[2]  However, the second issue (the <u>Schacht</u> doctrine application) is relevant to the issue of whether costs and expenses should be awarded. Consequently, while this action will be remanded because no defendant remains opposed to the remand, an evaluation of the propriety of the removal will take into account the above discussion of <u>Kimel</u> and <u>Schacht</u>.

---

[2] Alternatively, notwithstanding <u>Schacht</u>, under a case decided a week before Defendant ERB filed its notice of removal, remand of the action may be mandated as to Defendant ERB because it asserted Eleventh Amendment immunity as a defense in its remand motion.  <u>Fent v. Oklahoma Water Res. Bd.</u>, 235 F.3d 553, 558-59 (10th Cir. 2000).  <u>But</u> <u>see</u> <u>McLaughlin v. Board of Trs. of State Colls. of Colo.</u>, 215 F.3d 1168, 1170-71 (10th Cir. 2000) (state's removal of case to federal court and litigation of the merits constituted an effective waiver of Eleventh Amendment immunity); <u>Sutton v. Utah State Sch. for Deaf and Blind</u>, 173 F.3d 1226, 1233-34 (10th Cir. 1999) (same).  While noting "it is unclear whether the Supreme Court would consider Eleventh Amendment immunity to be an affirmative defense or a jurisdictional bar (which nonetheless can be waived) for the purposes of the removal statute,"<u>Archuleta v. Lacuesta</u>, 131 F.3d 1359, 1362 (10th Cir. 1997), the Tenth Circuit has concluded that "once effectively asserted such immunity constitutes a bar to the exercise of federal subject matter jurisdiction,"<u>Fent</u>, 235 F.3d at 558 (emphasis omitted).  In other words, "when the district court concluded that the state defendants had raised a valid Eleventh Amendment defense . . ., it necessarily recognized its lack of subject matter jurisdiction over the action" and was required to remand the action to state court.  <u>Id.</u> at 559.

In their motion to remand, Plaintiffs request, under 42 U.S.C. § 1447(c), an award of costs and expenses, including attorney's fees, incurred as a result of the removal of this action. In its notice of removal, Defendant ERB states it "will pay all costs and disbursements incurred by reason of these removal proceedings, should it be determined that this case was not removable or is improperly removed under the law." Def. ERB's Notice of Removal at 2, ¶7. However, in its withdrawal of its opposition to Plaintiffs' remand motion, Defendant ERB says that its withdrawal does not constitute its consent to an award of expenses and costs under 42 U.S.C. § 1447(c).

Whether to award attorney's fees and costs under § 1447(c) when a case is remanded to state court is within the sound discretion of the district court. Suder v. Blue Circle, Inc., 116 F.3d 1351, 1353 (10th Cir. 1997); Daleske v. Fairfield Cmtys, Inc., 17 F.3d 321, 323 (10th Cir. 1994). Likewise, the amount of any award is within the Court's discretion. Suder, 116 F.3d at 1352, 1353; see Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992) (district courts have a great deal of discretion and flexibility in fashioning an award under § 1447(c)); Moore v. Kaiser Found. Hosps., Inc., 765 F. Supp. 1464, 1466 (N.D.Cal. 1991) (A district court, in exercising its discretion, "may award none, some, or all of the fees incurred by the remanding party."). A finding that the removal was done in bad faith is not a prerequisite to an award of attorney's fees and costs under § 1447(c). Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 322 (10th Cir. 1997); Daleske, 17 F.3d at 324. "[T]he key factor is the propriety of [the] defendant's removal." Excell, 106 F.3d at 322 (citing Daleske, 17 F.3d at 324); see Suder, 116 F.3d at 1352, 1353.

The Supreme Court's decision in Kimel was rendered in January 2000. Defendant ERB filed its notice of removal in December 2000, almost a year later. While Defendant ERB argued in

its response to Plaintiffs' remand motion that the <u>Schacht</u> doctrine applied to this case, it later

withdrew its response and filed its own remand motion.  Defendant ERB stated in its remand

motion that "since the removal of this case, it has become apparent to ERB that this Court does not

have subject matter jurisdiction over plaintiffs' claims pursuant to the State's Eleventh

Amendment immunity," citing <u>Kimel</u>.  Def. ERB's Mot. to Remand at 1, 2, ¶¶ 2, 3; <u>see</u> <u>id.</u> at 2, ¶ 6

("It is plain from the <u>Kimel</u> decision that this Court may not exercise jurisdiction over plaintiffs'

ADEA claim against the State of New Mexico, and thus, the Court lacks subject matter jurisdiction

over plaintiffs' claim.").  Defendant ERB should have been aware of the holding in <u>Kimel</u> and

should have made a final conclusion about the applicability of the <u>Schacht</u> doctrine before it filed

its notice of removal in this case.  Defendant ERB has cited no case law and no evidence which

was unavailable to it before it implicitly changed its position regarding the <u>Schacht</u> doctrine's

applicability to this case.  Defendant ERB's withdrawal of its opposition to Plaintiffs' remand

motion and the filing of its own motion to remand fail to ameliorate the wasted time and expense

caused by its notice of removal and subsequent change of heart.  Because Defendant ERB's notice

of removal was improvident, the Court will exercise its discretion and under 28 U.S.C. § 1447(c)

will award Plaintiffs their just costs and actual expenses, including attorney's fees, incurred as a

result of the removal of this case by Defendant ERB.


The remand of this action renders the remaining pending motions moot.

**IT IS ORDERED** that Plaintiffs' Motion to Remand to State Court and Supporting Brief,

filed January 16, 2001 [Doc. No. 7] is GRANTED.

**IT IS FURTHER ORDERED** in accordance with 28 U.S.C. § 1447(c),  that Defendant

New Mexico Educational Retirement Board must pay the just costs and any actual expenses,

including attorney's fees, incurred by Plaintiffs as a result of ERB's removal of this action.

      **IT IS FURTHER ORDERED** that Defendant Albuquerque Public Schools' Motion to

Dismiss, filed February 2, 2001 [Doc. No. 10]; Defendant New Mexico Educational Retirement

Board's Motion to Remand for Lack of Subject Matter Jurisdiction, filed March 8, 2001 [Doc. No.

27]; and Plaintiffs' Motion to Amend Complaint, filed March 15, 2001 [Doc. No. 29] are MOOT.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs: Gabrielle M. Valdez, EATON, MARTINEZ & HART, P.C., Albuquerque, NM

Counsel for Defendant New Mexico Educational Retirement Board: Ellen S. Casey, HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P., Santa Fe, New Mexico

Counsel for Defendant Albuquerque Public Schools: George R. McFall and Megan Muirhead, MODRALL, SPERLING, ROEHL, HARRIS & SISK, PA, Albuquerque, New Mexico

8